Filed 1/5/12

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S182042 |
| v. | ) | |
| | ) | Ct.App. 3 C060532 |
| WILLIAM FREDERICK MAULTSBY, | ) | |
| | ) | Yolo County |
| Defendant and Appellant. | ) | Super. Ct. No. 08868 |
| _____ | ) | |

Under Penal Code[1] section 1237.5, a defendant who pleads guilty or nolo contendere generally may not appeal his felony conviction without obtaining a certificate of probable cause. In this case, defendant was convicted by a jury of a petty theft offense, but admitted a prior felony conviction. He appealed only his admission of the prior conviction. We must determine whether section 1237.5 applies under these circumstances. Relying on its recent decision in *People v. Fulton* (2009) 179 Cal.App.4th 1230, 1237 (*Fulton*), the Court of Appeal here concluded that " 'section 1237.5 applies to an enhancement allegation to which a defendant has entered a plea.' "

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

Based on the reasons set forth below, we conclude that the provision is inapplicable here. We reverse the judgment of the Court of Appeal and also disapprove *People v. Fulton*, *supra*, 179 Cal.App.4th 1230.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2008, a jury convicted defendant William Frederick Maultsby of petty theft. Before trial, defendant admitted a prior felony conviction for robbery in 1991— considered a strike under the Three Strikes law — and admitted several prior convictions for theft. The trial court sentenced defendant to two years eight months in state prison. Defendant timely appealed, contending he admitted the prior strike without complete advisements. (See *Boykin v. Alabama* (1969) 395 U.S. 238, 242-244; *In re Yurko* (1974) 10 Cal.3d 857, 863.) He did not obtain a certificate of probable cause.

The Court of Appeal directed the parties to submit supplemental briefing on whether defendant needed a certificate of probable cause under *Fulton*, *supra*, 179 Cal.App.4th 1230. Consistent with *Fulton*, the Court of Appeal held that defendant must comply with section 1237.5 to challenge his admission of an enhancement allegation. It determined that defendant's claim was noncognizable and dismissed his appeal.

Defendant petitioned for review.

### DISCUSSION

In general, a defendant may appeal from a final judgment of conviction, unless otherwise limited by sections 1237.1 and 1237.5. (§ 1237; see Cal. Rules of Court, rule 8.304(b) [hereafter rule 8.304(b)].) Section 1237.5, which is at issue here, provides in full: "No appeal shall be taken by the defendant from *a judgment of conviction upon a plea of guilty or nolo contendere*, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement,

2

executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."**2** (Italics added.) The purpose of section 1237.5 is "to weed out frivolous and vexatious appeals from pleas of guilty or no contest, before clerical and judicial resources are wasted." (*People v. Buttram* (2003) 30 Cal.4th 773, 790; see *Mendez*, *supra*, 19 Cal.4th at p. 1095 [§ 1237.5 "is procedural in nature"].)

Defendant maintains that he was not required to obtain a certificate of probable cause under section 1237.5 because he did not plead guilty or nolo contendere to the current charge. Echoing the Court of Appeal's reasoning, the People, however, contend that defendant's challenge to his admission of the prior conviction is a challenge to the validity of a plea; therefore, he must obtain a certificate of probable cause.

### A. Statutory Interpretation

In interpreting a statute to ascertain the Legislature's intent, we give the words their usual and ordinary meaning. The statute's plain language controls unless its words are ambiguous. (*People v. Robinson* (2010) 47 Cal.4th 1104, 1138.) By its terms, section 1237.5 applies only to "a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an

---

**2** A defendant who has pleaded guilty or nolo contendere, however, need not file a written statement or obtain a certificate of probable cause if the appeal is based on the following grounds: "(A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity." (Rule 8.304(b)(4); see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1099 (*Mendez*).) Defendant here does not base his appeal on either noncertificate ground.

admission of violation." It makes no mention of admissions of prior conviction allegations or other sentence enhancement allegations. Contrary to the People's suggestion, the Legislature has distinguished between pleas, such as guilty, not guilty, or nolo contendere (§ 1016), and admissions to sentencing allegations (§§ 1025, 1158). Indeed, a sentence enhancement, such as a prior conviction or prison term enhancement, is "an additional term of imprisonment added to the base term" (Cal. Rules of Court, rule 4.405(3)), which cannot be imposed without a conviction for the substantive offense. (See *People v. Izaguirre* (2007) 42 Cal.4th 126, 134.)

As noted above, section 1237.5 is an exception to section 1237, the general statute governing appeals following final judgments of conviction. (See § 1237, subd. (a) [defendant may appeal from final judgment of conviction "except as provided in . . . Section 1237.5"].) The differences between appeals from convictions resulting from not guilty pleas and ensuing trials (§ 1237), on the one hand, and those following guilty or nolo contendere pleas (§ 1237.5), on the other, "are reflected in *distinct but analogous statutes* and related rules of court defining the procedure *applicable to the taking of each type of appeal*." (*In re Chavez* (2003) 30 Cal.4th 643, 649 (*Chavez*), italics added.) In that regard, we have construed section 1237.5 narrowly, concluding that it does not apply to admissions made in juvenile court because minors are not "defendants"; they do not "plead guilty" but admit allegations of a petition; and adjudications of juvenile wrongdoing do not constitute "criminal convictions." (*In re Joseph B.* (1983) 34 Cal.3d 952, 955 [juvenile appeals governed by Welf. & Inst. Code, § 800]; see also *People v. Wagoner* (1979) 89 Cal.App.3d 605, 609-610 [§ 1237.5 does not apply to insanity pleas].)

4

Based on its plain language, we conclude that section 1237.5 does not apply to an appeal where a defendant does not plead guilty or nolo contendere.[3]  Instead, section 1237, subdivision (a) applies when, as here, a defendant appeals from a judgment of conviction following a plea of not guilty.  (See *Chavez, supra*, 30 Cal.4th at pp. 649-650; *Mendez, supra*, 19 Cal.4th at p. 1094.)  Section 1237, subdivision (a) does not otherwise limit a defendant's right to appeal as long as he or she files a timely appeal.  (*Chavez, supra*, 30 Cal.4th at p. 649 [§ 1237, subd. (a) "generally authorizes an appeal without imposing any limitations on subject matter"]; *Mendez, supra*, 19 Cal.4th at p. 1094; see Cal. Rules of Court, rule 8.304(a).)

In concluding to the contrary, the Court of Appeal here relied on its recent decision in *Fulton*, which held that section 1237.5 applies when a defendant appeals an admission of an enhancement allegation regardless of whether he pleads guilty or goes to trial on the substantive charges.  We discuss *Fulton* next.

## B.  *Fulton* Decision

In *Fulton*, a jury convicted defendant David Louis Fulton for evading an officer with willful or wanton disregard and for driving on a suspended license.  Waiving his right to a jury determination, Fulton entered a negotiated admission of a prior prison term allegation in exchange for the dismissal of the remaining

---

[3]      "The absence of ambiguity in the statutory language dispenses with the need to review the legislative history."  (*People v. Albillar* (2010) 51 Cal.4th 47, 56.)  Although recognizing that section 1237.5 specifically does not mention admissions of sentencing enhancements, the People discuss its legislative history at great length, and maintain that the Legislature's failure to include such admissions within the statute's purview was "inadvertent."  We find their discussion, which broadly asserts that the Legislature by adding pleas of nolo contendere and admissions of probation violations to the section "intended the trial court screening function to apply to a broader class of cases," unpersuasive.

5

allegations. (*Fulton*, *supra*, 179 Cal.App.4th at p. 1232.) After the trial court denied his motion to withdraw his admission of the prior prison term, Fulton appealed without first obtaining a certificate of probable cause. Although he had not pleaded guilty or nolo contendere to the substantive charges, the Court of Appeal concluded that Fulton needed a certificate to challenge his admission. (*Id.* at p. 1237.) In reaching this conclusion, the court focused on several cases suggesting that admissions of sentencing enhancements should be treated virtually the same as guilty pleas in this context. (*Id.* at pp. 1236-1238, discussing *People v. Perry* (1984) 162 Cal.App.3d 1147, 1151 (*Perry*), *People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785 (*Lobaugh*), and *People v. Thurman* (2007) 157 Cal.App.4th 36 (*Thurman*).)

In *Perry*, the defendant pleaded guilty to a charge of robbery and admitted a firearm use allegation. He appealed the admission of the allegation, but did not obtain a certificate of probable cause under section 1237.5. Dismissing the appeal, the Court of Appeal reasoned: "Section 1237.5 applies to a judgment of conviction after a 'plea of guilty or nolo contendere.' At issue here is the validity or truth of a 'use' allegation. *A technical, literal argument could be made that defendants do not 'plead guilty' to enhancement allegations, they 'admit' them. We can see no reason to draw such a fine distinction regarding the words used.* Appellant's attack goes to his guilt or innocence, the truth of the alleged enhancement, and would require consideration of evidence. Such issues have been removed from consideration by the plea and admission." (*Perry*, *supra*, 162 Cal.App.3d at p. 1151, italics added.) It concluded that "an appeal which questions proceedings before appellant's admission of the use of a firearm must comply with section 1237.5." (*Ibid.*)

Similarly, in *Lobaugh*, the defendant pleaded guilty to a charge of robbery and admitted allegations for firearm use, a prior serious felony conviction, and a

6

prior prison term. (*Lobaugh*, *supra*, 188 Cal.App.3d at p. 783.) Regarding the defendant's challenge to the evidentiary sufficiency of the firearm allegation, the Court of Appeal concluded that it was not cognizable on appeal because the defendant had not obtained a certificate of probable cause: "As part of his guilty plea, defendant admitted the firearm use allegation. *Admissions of enhancements are subject to the same principles as guilty pleas*. (See *People v. Jackson* (1985) 37 Cal.3d 826, 836.) A guilty plea admits every element of the offense charged and is a conclusive admission of guilt. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895; *People v. Turner* (1985) 171 Cal.App.3d 116, 125.) It waives any right to raise questions about the evidence, including its sufficiency." (*Lobaugh*, *supra*, 188 Cal.App.3d at p. 785, italics added.)

Both *Perry* and *Lobaugh* are distinguishable. In each case, the defendant had pleaded guilty to the substantive charge. This factual circumstance alone triggers section 1237.5's requirement that a defendant obtain a certificate of probable cause. (See *Chavez*, *supra*, 30 Cal.4th at pp. 650-651; *Mendez*, *supra*, 19 Cal.4th at pp. 1094-1095.) Regarding the underlying analysis, we conclude that each case incorrectly equated an admission of an enhancement with a guilty plea for purposes of section 1237.5. Neither case lends support to the conclusion that a certificate is required to challenge an admission on appeal where the defendant goes to trial on the main charge.

Both *Perry* and *Lobaugh* concluded that like a guilty plea, an admission removes from consideration evidence going to the truth of the alleged enhancement. (*Perry*, *supra*, 162 Cal.App.3d at p. 1151; *Lobaugh*, *supra*, 188 Cal.App.3d at p. 785; see also *Fulton*, *supra*, 179 Cal.App.4th at pp. 1236-1237.) This aspect of a guilty plea, however, has little to do with the application of section 1237.5. As we have observed, "A guilty plea admits every element of the crime and constitutes a conviction. [Citations.] For that reason, *and without*

7

*regard to section 1237.5*, issues going to the determination of guilt or innocence are not cognizable on appeal; review is instead limited to issues going to the jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea." (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1177-1178 (*Hoffard*), italics added.) Section 1237.5 is a procedural statute whose impact " 'relates to the procedure in perfecting an appeal from a judgment based on a plea of guilty, and not to the grounds upon which such an appeal may be taken.' [Citation.] Section 1237.5 does not restrict the scope of inquiry into a cognizable error once a certificate has been issued." (*Hoffard*, *supra*, 10 Cal.4th at p. 1178.) Contrary to both *Perry* and *Lobaugh*, section 1237.5 by its terms is triggered only by a defendant's plea of guilty or nolo contendere to the substantive charge. In other words, whether or not a defendant's appellate claim challenges the validity of his plea — or in this case, his admission of an enhancement allegation — matters only if the appeal implicates section 1237.5 in the first place. (See *Hoffard*, *supra*, 10 Cal.4th at p. 1177 [§ 1237.5 "determines only whether or not an appeal may be taken"].)[4]

In fact, *Perry* and *Lobaugh* each concluded that the defendant's challenge to the admission of enhancements was noncognizable on appeal irrespective of section 1237.5 considerations. Each found that had the defendant obtained a certificate of probable cause, the claim could not be reviewed on appeal. (*Perry*,

---

[4]     *Perry*'s statement that section 1237.5 should apply to admissions of enhancements because they may also be subject to a jury trial does not support the People's position. (See *Perry*, *supra*, 162 Cal.App.3d at p. 1151, fn. 3 [trial on enhancements "would be contested, there would be a record, and the appeal would not be attacking the validity of a plea of guilty regarding the enhancements"].) Again, this aspect has little to do with the application of section 1237.5, which focuses on whether a defendant has pled guilty or nolo contendere to the substantive charges in the first place.

*supra*, 162 Cal.App.3d at p. 1152 ["Aside from the procedural bar of section 1237.5, the limited scope of review after a guilty plea precludes review of appellant's contention"]; *Lobaugh*, *supra*, 188 Cal.App.3d at p. 785 [any error regarding evidentiary sufficiency "was waived by his guilty plea and may not be raised on appeal"].)  In addition, *Lobaugh*'s generalized conclusion that the "same principles" govern an admission of an enhancement and a guilty plea is based on a misapplication of our decision in *People v. Jackson*, *supra*, 37 Cal.3d 826. (*Lobaugh*, *supra*, 188 Cal.App.3d at p. 785.)  *Jackson*, which did not discuss section 1237.5, dealt with the specific and narrow issue of allowing a defendant as part of a plea bargain to admit an enhancement the prosecution may be unable to prove (see *People v. West* (1970) 3 Cal.3d 595, 612-613).  (*Jackson*, *supra*, 37 Cal.3d at p. 836 ["defendant should have the same latitude with respect to enhancements" as with substantive offenses].)  Contrary to *Lobaugh*'s suggestion, *Jackson* does not support its sweeping assertion that admissions of enhancements and guilty pleas should be treated the same in this context.[5]

Based on the foregoing, we conclude that *Fulton* erroneously determined that section 1237.5 applies to appeals where the defendant has not pleaded guilty or nolo contendere.  We disapprove *People v. Fulton*, *supra*, 179 Cal.App.4th 1230 to the extent it is inconsistent with the views expressed in this opinion.

---

[5]    Moreover, the *Fulton* Court of Appeal's reliance on *Thurman*, *supra*, 157 Cal.App.4th 36, is also misplaced.  (See *Fulton*, *supra*, 179 Cal.App.4th at pp. 1237-1238.)  In *Thurman*, after the jury deadlocked on several counts, the defendant *pleaded guilty* to a count of carjacking, which judgment he subsequently appealed.  (*Thurman*, *supra*, 157 Cal.App.4th at pp. 39-40.)  The *Thurman* Court of Appeal concluded that he needed to obtain a certificate of probable cause to raise claims relating to the carjacking count.  (*Id*. at pp. 42-44.)  Like the courts in *Perry* and *Lobaugh*, the *Thurman* court also concluded that the defendant's evidentiary challenge was "not cognizable on appeal, with or without a certificate of probable cause."  (*Id*. at p. 43.)

9

## C. Other Considerations

Furthermore, section 1237.5's underlying purpose of promoting economy (see *Mendez*, *supra*, 19 Cal.4th at p. 1095) would not be advanced by extending it to convictions after pleas of not guilty. By screening out wholly frivolous appeals after guilty or nolo contendere pleas, section 1237.5 prevents the unnecessary expenditure of time and money spent on preparing the record on appeal, appointing appellate counsel, and considering and rendering the decision of the appeal itself. (*Ibid.*; *Hoffard*, *supra*, 10 Cal.4th at p. 1180 [§ 1237.5's goals are "efficiency and practicality"].) The underlying assumption is that a conviction entered on a plea of guilty or nolo contendere generally "does not present any issue warranting relief on appeal, and hence should not be reviewed thereon." (*Mendez*, *supra*, 19 Cal.4th at p. 1097; *id.* at p. 1098 [through § 1237.5, Legislature "established a mechanism that did not invite consideration of the peculiar facts of the individual appeal"].) In contrast, when a defendant pleads not guilty and is convicted after trial, as is the situation here, generally "any issue bearing on the determination of guilt and apparent from the record is cognizable on appeal." (*Chavez*, *supra*, 30 Cal.4th at p. 649.)

The People, however, argue that by admitting the prior conviction enhancement, defendant removed from consideration the evidence supporting the allegation. They maintain that like guilty or nolo contendere pleas, admissions of prior convictions "involve the same forfeiture of rights" and "result from negotiated bargaining and involve tactical decisions."[6] In that regard, they assert

---

**6** The People assert that defendant agreed to admit the alleged prior convictions in exchange for the main charge to be reduced from petty theft with a prior to simple petty theft. They argue that defendant is "trifl[ing] with the courts by attempting to better the bargain through the appellate process" (*People v. Hester* (2000) 22 Cal.4th 290, 295), and that his appellate claim attacks the validity of his plea. Defendant, however, disagrees that the proceedings below

*(Footnote continued on next page.)*

10

that appellate claims following either pleas or admissions are equally likely to be frivolous, and that screening all such claims through the issuance of a certificate of probable cause will serve judicial economy.

We disagree with the People that any efficiency would be gained by requiring defendants to obtain a certificate of probable cause after going to trial. Although defendant here challenged only his admission and not his conviction of the petty theft charge, the People do not suggest that defendant would have been required to obtain a certificate to appeal the latter. Because defendants who go to trial generally have the right to pursue an appeal without limitation (*Chavez*, *supra*, 30 Cal.4th at p. 649; § 1237), any savings in clerical or judicial resources would not be realized by prohibiting them from also seeking review of an admission without a certificate of probable cause. In advancing this efficiency argument, the People appear to assert that under section 1237.5, courts should effectively determine and certify each nonfrivolous issue reviewable on appeal. We have already rejected this argument and its related policy concerns. (*Hoffard*, *supra*, 10 Cal.4th at pp. 1176-1180.)

---

*(Footnote continued from previous page.)*

resulted from a negotiated plea agreement. The disputed characterization is unimportant here. We have pointed out that whether a defendant's appellate claim challenges the validity of his plea matters only if section 1237.5 is implicated in the first place. (See *ante*, at p. 8.) We have concluded that the section is inapplicable here. This conclusion, however, only means that the appeal is operative without a certificate of probable cause; the court is not precluded from later finding that defendant's claim lacks merit.

**CONCLUSION**

Based on the foregoing, we reverse the judgment of the Court of Appeal and remand the matter for further proceedings consistent with this opinion.

CHIN, J.

WE CONCUR:

KENNARD, ACTING C. J.
BAXTER, J.
WERDEGAR, J.
CORRIGAN, J.
LIU, J.
BRUINIERS, J.*

_____
* Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Maultsby

_____

**Unpublished Opinion** XXX NP opn. filed 3/16/10 – 3d Dist.
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S182042
**Date Filed:** January 5, 2012

_____

**Court:** Superior
**County:** Yolo
**Judge:** Thomas Edward Warriner

_____

**Counsel:**

Elizabeth Campbell, under appointment by the Supreme Court, and Meredith Fahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Christina Hitomi Simpson and Jamie Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Elizabeth Campbell
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 444-8538

Jamie Scheidegger
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550
(916) 323-1213