Filed 3/24/15  P. v. Sanders CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEPHEN CHARLES SANDERS,<br><br>    Defendant and Appellant. | D064775<br><br><br><br>(Super. Ct. No. SCD216604) |


APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.


Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In April 2013, Stephen Charles Sanders entered a negotiated guilty plea to four counts of assault with a deadly weapon and by means of force likely to cause great bodily injury (Pen. Code, former § 245, subd. (a)(1); counts 1 through 4; all further statutory

references are to the Penal Code). In June, Sanders entered a negotiated guilty plea in case No. SCD235740 (Court of Appeal No. D064743); that plea bargain provided, as to that case, the instant case and three other cases, for a stipulated 25-year sentence and waiver of the right to appeal. In September, the court sentenced Sanders to 25 years in prison, including, in the instant case, one year (one-third the middle term) on count 1 and concurrent terms on counts 2, 3 and 4. Sanders appeals. We affirm.

BACKGROUND

On the evening of July 12, 2008, Michael Martinez, Mike Majors and Tyler Tobin left a party and walked to a gas station to buy gum and cigarettes. They encountered a man with a skateboard. Majors or Tobin said something to the man. An argument or altercation ensued. Sanders drove up in a white car. He stuck his head out the window and said they should fight one-on-one. Martinez told Sanders to leave. Sanders got out of his car and rushed toward Martinez. Sanders picked up the skateboard and swung it at Martinez more than once. The skateboard flew out of Sanders's hands. Martinez knocked Sanders down, picked up the skateboard and told him to get back in the car. Sanders got in the car. Sanders's wife, the car's only other occupant, got out. Martinez told her to get back in. When Sanders tried to get back out of the car, Martinez broke the back window with the skateboard and told Sanders to get out. Sanders left.

Martinez rode the skateboard back to the party where he stayed outside with Majors and Tobin. Sanders drove by in the white car, made a U-turn and drove back toward Martinez and his friends, tires screeching. Martinez hid behind a car. Sanders drove toward Martinez, grimacing. They made eye contact. Sanders tried to hit Martinez

2

with the car, but Martinez dodged him. Sanders hit a couple of cars. Isaiah Bowman got out of the white car holding a knife. He locked eyes with Martinez. Martinez tried to run, but slipped and landed on his back. Someone beat Martinez in the face with a skateboard, breaking his nose. Someone stabbed him in the side with a knife.

The white car swerved and drove at another party guest, Corina Hall. She jumped out of the way but the car touched her knee. Her knee was bruised and sprained. The white car also swerved at Serge Ferrari. He jumped out of the way but felt something hit his back. Ferrari suffered a puncture wound and bleeding from his back. He was taken to the hospital where he received stitches.

The white car crashed into another car and drove away. A witness recorded the car's license plate number. The car was registered to Sanders.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists, as a possible, but not arguable, issue, whether the waiver of appellate rights was knowing, intelligent and voluntary. We grant Sanders's request for judicial notice of the record in Court of Appeal No. D064743.

We granted Sanders permission to file a brief on his own behalf. He has done so and raises two issues: first, because the court denied defense counsel's request for an extension of time to prepare for trial, Sanders was unable to present a defense; second,

3

the April 2013 bargain called for a concurrent four-year sentence, but the court later changed this.

"A guilty plea admits every element of the offense charged and is a conclusive admission of guilt." (*People v. Maultsby* (2012) 53 Cal.4th 296, 302.) The absence of a certificate of probable cause prevents Sanders from challenging the validity of his guilty plea. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) Furthermore, as part of his plea, Sanders waived his right to appeal issues relating to any stipulated sentence. Then, in June 2013, Sanders waived his right to appeal in Court of Appeal No. D064743, and the record shows the waiver was knowing, intelligent and voluntary.

A review of the record pursuant to *Wende* and *Anders*, including the possible issue listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Sanders has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.

4