Filed 3/24/15  P. v. Sanders CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>STEPHEN CHARLES SANDERS,<br><br>  Defendant and Appellant. | D064744<br><br><br>(Super. Ct. No. SCD204952) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In February 2009, Stephen Charles Sanders entered a negotiated guilty plea to possessing an illegal weapon (Pen. Code, former § 12020, subd. (a)(1); all further statutory references are to the Penal Code).  In October 2012, the court denied his motion

to withdraw his plea. In June 2013, Sanders entered a negotiated guilty plea in case No. SCD235740 (Court of Appeal No. D064743); that plea bargain provided, as to that case, the instant case and three other cases, for a stipulated 25-year sentence and waiver of the right to appeal. (We grant Sanders's request for judicial notice of the record in Court of Appeal No. D064743.) In September, the court sentenced Sanders to 25 years in prison, including a consecutive eight-month term (one third the middle term) in the instant case. Sanders appeals. We affirm.

## BACKGROUND

In January 2007, Sanders possessed sap gloves, knowing they were a weapon.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists, as a possible, but not arguable, issue, whether the waiver of appellate rights was knowing, intelligent and voluntary.

We granted Sanders permission to file a brief on his own behalf. He has done so and raises contentions concerning searches, the plea bargain, the denial of his plea withdrawal motion and sentencing.

"A guilty plea admits every element of the offense charged and is a conclusive admission of guilt." (*People v. Maultsby* (2012) 53 Cal.4th 296, 302.) The absence of a certificate of probable cause prevents Sanders from challenging the validity of his guilty

2

plea.  (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.)  Furthermore, as part of his plea, Sanders waived his right to appeal issues relating to any suppression motions and any stipulated sentence and also waived his right to appeal.  Then, in June 2013, Sanders waived his right to appeal in the instant case, and the record shows the waiver was knowing, intelligent and voluntary.

A review of the record pursuant to *Wende* and *Anders*, including the possible issue listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issue.  Sanders has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:


NARES, Acting P. J.


AARON, J.

3