Filed 5/1/15  P. v. Serrato CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NICOLAS PEREZ SERRATO,<br><br>    Defendant and Appellant. | H040406<br>(Monterey County<br>Super. Ct. No. SS122448A) |

Pursuant to a negotiated disposition, appellant Nicolas Perez Serrato pleaded no contest to one count of theft of over $950 by an employee.  (Pen. Code, § 508.)  As promised, the court placed appellant on formal probation for a period of three years and imposed various terms and conditions of probation.  Three of those probation conditions are challenged on appeal.  For reasons that follow, we must dismiss the appeal for lack of a certificate of probable cause.

*Background*

We take the facts of the underlying crime from the probation officer's report.

From December 4 to December 24, 2012, appellant was employed at Target and stole several items from the Target stock room.  Appellant admitted the thefts and estimated the value of the items at over $20,000.  However, Target was able to verify that only $7,081 of merchandise was stolen.

Appellant executed a written plea agreement in which he acknowledged that another case—case No. SS130178A—would be dismissed at sentencing with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), meaning that the sentencing judge could take that case into consideration when sentencing appellant on this case. Since case No. SS130178A was not consolidated with this case, the only facts underlying that case are contained in the probation officer's report. According to that report, appellant and his codefendant brother-in-law Jesus Ayala were charged with receiving stolen property (Pen. Code, § 496, subd. (a)) following a search warrant service and bail compliance search at 30945 Tavernetti Road in Gonzales. The police ordered all occupants out of the home via loudspeaker. As the occupants began to depart the residence, it was noted that the garage light had been turned on and then off. The people that came out of the home were Maria Ayala, Jesus Ayala, Maria and Jesus's four-year-old minor daughter, and appellant. A search of the residence yielded a black canvas bag found in the garage that contained four handguns, ammunition, magazines, gun cleaning supplies; 50-round and 20-round magazines for a .22-caliber rifle; and other items. The canvas bag was located in a metal tool chest that was in the garage. A search of the garage revealed eight additional firearms and containers with ammunition.

As part of the plea bargain in this case, appellant executed a waiver of his appellate rights. Specifically, appellant agreed to "waive and give up all rights regarding state and federal writs and appeals. This includes, but is not limited to, the right to appeal my conviction, *the judgment*, and any other orders previously issued by this court. I agree not to file any collateral attacks on my conviction or sentence at any time in the future." (Italics added.) When the court went over the plea bargain conditions with appellant the court indicated that appellant was "waiving [his] rights to writs and appeals. And that means that you will not be filing any State or Federal writs of appeals. That includes, but is not limited to, the right to appeal your conviction, the judgment, and any

2

other order previously issued by the Court."  Appellant confirmed that the court's understanding was correct.

*Discussion*

Respondent argues that since appellant expressly waived his right to appeal and his right to challenge his probation conditions as part of his plea bargain, he is required to request a certificate of probable cause.  Respondent urges us to dismiss the appeal.

Under Penal Code section 1237.5, a defendant generally may not appeal from a judgment of conviction following a guilty or no contest plea, unless he files with the trial court a statement "showing reasonable, constitutional, jurisdictional, or other grounds going to the legality of the proceedings" (Pen. Code, § 1237.5, subd. (a)), and the trial court executes and files "a certificate of probable cause for such appeal with the clerk of the court"  (*Id.*, § 1237.5, subd. (b)); See also *People v. Maultsby* (2012) 53 Cal.4th 296, 299 (*Maultsby*); *People v. Cole* (2001) 88 Cal.App.4th 850, 859-860 (*Cole*); Cal. Rules of Court, rule 8.304(b).) [1]  "The purpose of section 1237.5 is practical and salutary:  'to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas,' and to do so ' "before time and money is spent preparing the record and the briefs for consideration by the reviewing court." ' [Citation.]  The requirements of section 1237.5 . . . must be strictly applied.  [Citation.] The Supreme Court has disapproved the practice of applying the rule loosely in order to reach issues whose consideration would otherwise be precluded.  [Citation.]" (*Cole*, *supra*, at p. 860, fn.omitted; see also *Maultsby*, *supra*, at pp. 298-299.)

Nevertheless, the law recognizes an exception to Penal Code section 1237.5's certificate requirement.  This exception, stated in rule 8.304(b)(4)(B), permits an appeal without a probable cause certificate if the appeal is based on "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (See also *Maultsby*, *supra*, 53

---

[1]     All references to rules are to the California Rules of Court.

Cal.4th at p. 299 fn. 2; *Cole*, *supra*, 88 Cal.App.4th at p. 860 [citing to former rule 31(d)].)

Respondent argues that the inclusion of the words "the judgment" in appellant's waiver form indicates that future sentencing errors were contemplated when appellant waived his right to appeal. We agree.

The judgment in a criminal case is the oral pronouncement of sentence. (See *People v. Mesa* (1975) 14 Cal.3d 466, 471; Pen. Code, § 1202.) As this court has explained before, "[i]n a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

Although the notice of appeal in the present case states it is based "on the sentence or other matters occurring after the plea that do not affect the validity of the plea[,]" " ' [i]n determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5. [Citation.]' [Citation.]" (*People v. Buttram* (2003) 30 Cal.4th 773, 781-782 (*Buttram* ); see also *People v. Panizzon* (1996) 13 Cal.4th 68, 76 (*Panizzon*).)

In *Panizzon*, the defendant agreed to a plea bargain that called for him to receive a specified sentence and the prosecution agreed to dismiss several charges. (*Panizzon supra*, 13 Cal.4th at p. 73.) After the defendant was sentenced to the negotiated term, he appealed without first obtaining a certificate of probable cause, contending the sentence violated the federal and state prohibitions against cruel and unusual punishment. (*Id.* at p. 74.) The Supreme Court concluded that since the defendant was "in fact challenging the very sentence to which he agreed as part of the plea," the challenge "attacks an integral part of the plea [and] is, in substance, a challenge to the validity of the plea,

4

which requires compliance with the probable cause certificate requirements of section 1237.5." (*Id*. at p. 73; see also *id*. at p. 78, [by contesting the constitutionality of the very sentence he negotiated as part of the plea bargain, [the] defendant is, in substance, attacking the validity of the plea].) The Supreme Court dismissed the appeal because the defendant did not obtain a certificate of probable cause. (*Id*. at pp. 89-90.)

In contrast, in *Buttram*, the Supreme Court considered a situation where the defendant pleaded guilty to felony drug charges in return for an agreed maximum sentence. (*Buttram*, *supra*, 30 Cal.4th. at p. 776.) Thereafter, the defendant appealed the trial court's denial of diversion and imposition of the maximum term. (*Ibid*.) The Supreme Court held the defendant was *not* required to obtain a certificate of probable cause because, "absent contrary provisions in the plea agreement itself, a certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence. Such an agreement, by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be." (*Id*. at pp. 790-791.)

*Buttram* is instructive in the present case expressly because the Supreme Court noted that the defendant did not, in pleading guilty, waive his right to appeal as to sentencing. (*Buttram*, *supra*, 30 Cal.4th at pp. 777-778, 787.) Justice Baxter, who authored *Buttram*, wrote in a separate concurring opinion, "A prime reason why we conclude here that defendant Buttram may take his appeal without a certificate, and that the Court of Appeal must address it on the merits, is that Buttram's plea is *silent on the appealability* of the trial court's sentencing choice. [¶] Yet it is well settled that a plea bargain may include a waiver of the right to appeal." (*Id*. at p. 791.) If the plea bargain had included an express waiver of appeal, "an attempt to appeal the sentence notwithstanding the waiver would necessarily be an attack on an express term, and thus on the *validity*, of the plea. [Citation.] A *certificate of probable cause* would therefore

5

be necessary to make the appeal 'operative,' and in the absence of a certificate, the superior court clerk would not be put to the time and expense of preparing a record on appeal. [Citation.] If a record were nonetheless prepared and transmitted, the Court of Appeal could still dismiss the appeal for lack of a certificate, without having to address its merits." (*Id.* at p. 793.) Finally, Justice Baxter pointed out that "An attempt to appeal the *enforceability* of the *appellate waiver itself* (for example, on grounds that it was not knowing, voluntary, and intelligent, or had been induced by counsel's ineffective assistance) would not succeed in circumventing the *certificate* requirement. This is because, however important and meritorious such a challenge might be, it too would manifestly constitute an *attack on the plea's validity*, thus requiring a certificate in any event." (*Ibid.*)

Appellant claims that "appellate waivers do not include errors the court made after waiver and entry of plea because waiver of appeal from those errors could not be made knowingly and intelligently." Appellant would be correct if his appellate waiver was just a general waiver of the right to appeal. Here, however, appellant specifically waived his right to appeal the judgment.

Under the reasoning of *Panizzon* and Justice Baxter's concurrence in *Buttram*, *supra*, 30 Cal.4th 773, the substance of the appeal in the present case is a challenge to the validity of the waiver of the right to appeal the judgment in the plea bargain and, thus, the plea itself. (*Id.* at p. 793.) Appellant's challenge to his sentence may be heard only if the waiver of the right to appeal the judgment is unenforceable, which is an issue for which appellant was obligated to obtain a certificate of probable cause. (*Ibid.*)

*Disposition*

The appeal is dismissed for lack of a certificate of probable cause.

6

_____
ELIA, J.

WE CONCUR:


_____
RUSHING, P. J.


_____
PREMO, J.