Filed 1/22/16  P. v. Reynado CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANE REYNALDO,<br><br>    Defendant and Appellant. | B263515<br><br>(Los Angeles County<br>Super. Ct. Nos. BA381132 &<br>                BA375361) |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund Wilcox Clarke, Jr., Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Dane Reynaldo appeals from the partial denial of a petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act. He contends that because the felony conviction imposed in case no. BA375361 was reduced to a misdemeanor under Proposition 47, the on-bail enhancement imposed in his subsequent felony case is now unauthorized and must be stricken. We conclude Proposition 47's resentencing procedure is not the proper mechanism to collaterally attack an enhancement imposed on a non-qualifying felony conviction. Because defendant was not convicted of a reducible felony in the subsequent case, we affirm the trial court's order denying the Proposition 47 petition.

## PROCEDURAL BACKGROUND

By information filed September 27, 2010, defendant was charged in case no. BA375361 (the first case) with possession of methamphetamine, a felony (Health & Saf. Code, § 11377, subd. (a)). On June 2, 2011, while that case was still pending, defendant was charged by information in case no. BA381132 (the second case) with two counts of deploying a destructive or explosive device with intent to injure (former Pen. Code,[1] § 12303.3; counts 1 and 2); one count of criminal threats (§ 422; count 3); one count of possession of a firearm by a felon (former § 12021, subd. (a)(1); count 4); four counts of possessing drugs for sale—specifically, cocaine (Health & Saf. Code, § 11351; count 5), methamphetamine (Health & Saf. Code, § 11378; count 6), marijuana (Health & Saf. Code, § 11359; count 7), and ecstasy (Health & Saf. Code, § 11378; count 9); and one count of possession of methamphetamine with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 8).[2] The information alleged all counts were

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The Deadly Weapons Recodification Act of 2010 repealed and recodified former sections 12000 to 12809 without substantive change. (§§ 16000, 16005, 16010.) Effective January 1, 2012, former section 12303.3 (counts 1 and 2) was recodified without substantive change at section 18740; former section 12021, subdivision (a)

2

committed while defendant was on bail in the first case (§ 12022.1), and that he committed counts 5, 6, and 9 while personally armed with a firearm (§ 12022, subd. (c)). The information also alleged one prison prior (§ 667.5, subd. (b)).

On July 14, 2011, defendant entered no contest pleas and was found guilty in both cases. In accordance with the plea agreement, the court sentenced him to a total of nine years and eight months in prison. In the first case, the court sentenced defendant to 16 months (Health & Saf. Code, § 11377, subd. (a)), to run concurrent with the sentence in the second case. In the second case, the court selected count 1 (former § 12303.3) as the base term, and sentenced defendant to the middle term of five years. The court added eight months for count 3 (§ 422), one year for count 5 (Health & Saf. Code, § 11351), one year for count 8 (Health & Saf. Code, § 11370.1, subd. (a)), and two years for the on-bail enhancement (§ 12022.1), to run consecutive. The court dismissed counts 2, 4, 6, 7, and 9, as well as the firearm enhancement and the prison prior.

On December 26, 2014, defendant filed a petition for recall and resentencing under Proposition 47 (§ 1170.18, subds. (a)—(b)) to reclassify his felony conviction in the first case as a misdemeanor, and to dismiss the on-bail enhancement—but not any of the substantive convictions—in the second case. The court held a contested hearing on March 11, 2015. The court granted the petition in the first case and reduced defendant's conviction to a misdemeanor. In the second case, the People argued the court lacked authority to strike the enhancement under section 1170.18 because the underlying conviction remained a felony. The defense argued section 1170.18 contemplates such a collateral attack, because once a felony conviction is reduced to a misdemeanor, it cannot be used to enhance the sentence in a subsequent case. Without reaching the People's jurisdictional argument, the court found as a matter of law that an on-bail

(count 4) was recodified without substantive change at section 29800, subdivision (a). (Stats.2010, ch. 711 (S.B.1080), § 4 [repealed]; stats. 2010, ch. 711 (S.B.1080), § 6 [reenacted].)

3

enhancement is not reducible under Proposition 47, and denied the request. This timely appeal followed.

## CONTENTIONS

Defendant contends that because the conviction in his first case was reduced from a felony to a misdemeanor, the on-bail enhancement in his subsequent case is no longer authorized, and should have been stricken.

## DISCUSSION

The issue before us is a question of law, which we review de novo. (*People v. Cromer* (2001) 24 Cal.4th 889, 893–894.)

### 1.    Principles of Statutory Construction

As with any case involving statutory interpretation, our primary goal is to ascertain and effectuate the lawmakers' intent. (*People v. Park* (2013) 56 Cal.4th 782, 796.) Because Proposition 47 was enacted by the electorate, it is the voters' intent that controls. (*Ibid.*) "Nonetheless, our interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature." (*Ibid.*)

To determine intent, we first examine the statutory language and give the words their ordinary meaning. (*People v. Park*, *supra*, 56 Cal.4th at p. 796.) "Words and phrases must be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, must be construed according to such peculiar and appropriate meaning." (§ 7, subd. (16).) If the statutory language is unambiguous, its plain meaning controls; if the statutory language is ambiguous, we may refer to " 'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' " (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

### 2.    Proposition 47

On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act. (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).) The initiative aimed to "ensure that prison spending is focused on violent and serious offenses, maximize alternatives for nonserious, nonviolent crime, and to invest

4

the savings generated from" the new act in elementary and high school programs, victims' services, and mental health and drug treatment. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) Proposition 47 targets these goals in four ways: (1) it amends the Penal Code and Health and Safety Code to reduce certain property crimes and possessory drug offenses from felonies or wobblers[3] to misdemeanors; (2) it allows people serving felony sentences for newly-reduced offenses to ask the court to resentence them as misdemeanants (§ 1170.18, subds. (a), (b)); (3) it allows people who have finished serving a qualified felony sentence to ask the court to reclassify the conviction as a misdemeanor (§ 1170.18, subds. (f)–(h)); and (4) it creates a Safe Neighborhoods and Schools Fund to be financed with savings generated by the changes to the sentencing laws (Gov. Code, § 7599 et seq.). (Ballot Pamp., *supra*, text of Prop. 47, § 3, p. 70.)

The resentencing statute provides that a "person currently serving a sentence for **a conviction**, whether by trial or plea, **of a felony or felonies** who would have been guilty of a misdemeanor" under Proposition 47, "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a), emphasis added.) If "the petitioner satisfies [those] criteria," the court must usually recall his felony sentence and resentence him to a misdemeanor. (§ 1170.18, subd. (b).) Under the plain language of the statute, section 1170.18, subdivisions (a) and (b) applies only to defendants who are (1) currently serving a sentence, (2) for a felony conviction, and (3) the conviction would have been a misdemeanor if the act had been in effect when they were sentenced. The question before us, then, is whether defendant's on-bail

---

[3]   As the Legislative Analyst explained, "some crimes . . . can be charged as either a felony or a misdemeanor. These crimes are known as 'wobblers.' Courts decide how to charge wobbler crimes based on the details of the crime and the criminal history of the offender." (Ballot Pamp., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.)

enhancement constitutes "a conviction . . . of a felony" under section 1170.18. (§ 1170.18, subd. (a).)

Section 12022.1 provides a two-year status enhancement if a defendant commits a second felony while on bail for an earlier felony. (§ 12022.1, subd. (b).) The statute does not define a distinct criminal offense; instead, it sets forth conditions under which a defendant convicted of a substantive offense may have his sentence "enhanced"—i.e., increased. An enhancement is " 'an additional term of imprisonment added to the base term' (Cal. Rules of Court, rule 4.405(3)), which cannot be imposed without a conviction for the substantive offense." (*People v. Maultsby* (2012) 53 Cal.4th 296, 299–300.) "For that reason alone, an enhancement cannot be equated with an offense." (*People v. Anderson* (2009) 47 Cal.4th 92, 118.) Because section 12022.1 is a status enhancement, not a substantive offense, we conclude it does not constitute "a conviction . . . of a felony" under the plain language of section 1170.18.

Notwithstanding this plain statutory language, defendant contends that though section 1170.18 does not explicitly allow recall and resentencing in his second case, we should construe the statute broadly to give full effect to subdivision (k), which provides any conviction reduced under Proposition 47 "shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).) Specifically, because the on-bail enhancement (§ 12022.1) "is limited to primary and secondary *felony* offenses, it exempts defendants . . . who are not ultimately convicted of the primary offense." (*People v. Buycks* (2015) 241 Cal.App.4th 519, 527 (*Buycks*).) Likewise, the enhancement statute provides that " '[i]f the primary offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed.' " (*Ibid.*, quoting § 12022.1, subd. (g).) In essence, defendant argues that because Proposition 47 specifies that any felony conviction reduced to a misdemeanor "shall be considered a misdemeanor for all purposes" (§ 1170.18, subd. (k)), the misdemeanor sentence in his primary case is indistinguishable from reduction or reversal on appeal. Therefore, he claims the on-bail enhancement to the secondary offense is now unauthorized under section 12022.1,

6

subdivision (g).  (Citing *People v. Flores* (1979) 92 Cal.App.3d 461, 470–473.)  We do not resolve this issue, however, because regardless of whether Proposition 47 contemplates a collateral challenge to an on-bail enhancement that is not otherwise part of resentencing in a second case, defendant provides no authority for the proposition that he may use section 1170.18's summary resentencing provisions to mount such an attack.

In *People v. Buycks*, our colleagues in Division Eight held that when a defendant's primary felony has been reduced to a misdemeanor, a court conducting a **full resentencing** in the second case cannot reimpose the on-bail enhancement. (*Buycks*, *supra*, 241 Cal.App.4th at pp. 526–528 & fn. 2.)  Unlike the circumstances before us, in *Buycks* the defendant had been convicted of a reducible felony in the second case.  Because a felony conviction in his second case was eligible for recall and resentencing, the related sentence enhancement was properly before the court under section 1170.18, subdivisions (a) and (b).  Here, by contrast, defendant's felony convictions are not eligible for reduction.  Proposition 47 did not reduce the penalty for using an explosive or destructive device to injure (§ 12303.3; count 1), or for criminal threats (§ 422; count 3), possession of cocaine for sale (Health & Saf. Code, § 11351; count 5), or possession of methamphetamine with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 8).  Because defendant is not "currently serving a sentence for a conviction . . . of a felony" that would have been a misdemeanor under Proposition 47, he may not avail himself of the initiative's summary resentencing provisions.

Although we conclude that Proposition 47's summary resentencing provisions cannot be used to strike a sentence enhancement in a case without a qualifying felony conviction, we acknowledge subdivision (k)'s requirement that "[a]ny felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered a misdemeanor for all purposes[.]"  (§ 1170.18, subd. (k).)  As such, nothing in this opinion is intended to diminish or abrogate any other remedy that may be available to defendant to address the effects of his conviction's reclassification in the first case.  We

7

simply hold that the court lacked the statutory authority to resentence defendant under section 1170.18.  Accordingly, we affirm the court's partial denial of his petition.

## DISPOSITION

The order denying defendant's petition for recall and resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                            LAVIN, J.

WE CONCUR:


ALDRICH, Acting P. J.



JONES, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8