Filed 2/20/25   P. v. Moralez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082872 |
| v. | (Super.Ct.No. FMB23000072) |
| DENNIS  DELGADO  MORALEZ, | ORDER MODIFYING OPINION |
| Defendant  and  Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT

On the court's own motion, the order modifying opinion filed in this matter on February 14, 2025, is STRICKEN.

The opinion filed in this matter on January 28, 2025, is modified as follows: On page 5, the third panel member is incorrectly listed as Justice Miller.  The opinion is ordered corrected to list the third panel member as Justice Menetrez.

1

This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:


McKINSTER

Acting P. J.


MENETREZ

J.

2

Filed 2/14/25  P. v. Moralez CA4/2 (second mod order)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082872 |
| v. | (Super.Ct.No. FMB23000072) |
| DENNIS DELGADO MORALEZ, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT

The order modifying opinion filed in this matter on February 6, 2025, is modified as follows:

On page 2, the third panel member is incorrectly listed as Justice Menetrez.  It should be listed as Justice Miller.

This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

1

                                                    FIELDS
                                                                              J.

We concur:


McKINSTER
              Acting P. J.


MILLER
                    J.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082872 |
| v. | (Super.Ct.No. FMB23000072) |
| DENNIS DELGADO MORALEZ, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT

The opinion filed in this matter on January 28, 2025, is modified as follows:

On page 1, in the counsel listing for defendant and appellant, add "Dennis Delgado Moralez, in pro. per.;".  It should read:

Dennis Delgado Moralez, in pro. per.; Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

1

This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                              J.

We concur:


McKINSTER
        Acting P. J.


MENETREZ
                J.

2

Filed 1/28/25  P. v. Moralez CA4/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082872 |
| v. | (Super.Ct.No. FMB23000072) |
| DENNIS DELGADO MORALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Christopher S. Pallone.  Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Dennis Delgado Moralez appeals from a judgment granting him two years of felony probation, after he pled guilty to one count of criminal threats.  We affirm.

## PROCEDURAL BACKGROUND

Defendant was charged by information with assault with a deadly weapon (Pen. Code[1], § 245, subd. (a)(1), counts 1 and 2), and criminal threats (§ 422, count 3).  The information also alleged a weapon enhancement (§ 12022, subd. (b)(1)), prior strike convictions (§§ 1170.12, subds. (a)-(d) and 667, subd. (b)-(i)), and prior serious felony convictions (§ 667, subd. (a)(1)).  Pursuant to a plea agreement, defendant pled guilty to count 3.  In exchange, the court placed him on probation for a period of two years under specified conditions.  The People moved to dismiss the remaining counts and allegations, and the court granted the motion.

On December 22, 2023, defendant filed a handwritten notice of appeal, in propria persona, challenging the probation condition that required him to "[r]egister with law enforcement pursuant to H&S [Health & Safety Code] 11590/11594 and provide proof to the Probation Officer, as ordered by the court."  (Hereinafter, the probation condition.) He claimed he "did not enter into a plea agreement with the prosecutor of having to register with law-enforcement pursuant to any Health and Safety Codes."  Defendant asked this court to strike the probation condition.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

On June 19, 2024, appellate counsel filed a letter requesting the superior court to remove the probation condition, noting that Health and Safety Code section 11590 was repealed effective January 1, 2020, so the condition was no longer legally valid. (See appellate counsel's letter dated June 19, 2024.) On July 26, 2024, the court granted the request and struck the probation condition.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. Defendant discusses the facts of the case, including details about the victim and his conduct and background. He then states the probation condition requiring him to register with law enforcement under certain Health and Safety Codes "gave rise to this appeal." Defendant acknowledges that the "issue was corrected."

Defendant additionally states that, during the course of this appeal, he "discovered a couple of legal issues" and claims that the prosecutor was "vindictive towards [him]" and that the victim was previously arrested and charged with various offenses and also violated his parole. Defendant then claims the victim was "shown leniency" by the prosecutor in similar circumstances to his, and the prosecutor overcharged him

3

[defendant] in this case, due to racial discrimination. Defendant "requests relief as this Court deems just and proper in the furtherance of justice."

Defendant's notice of appeal challenges the court's order requiring him to register with law enforcement pursuant to Health & Safety Code sections 11590/11594. He asked this court to strike the probation condition. However, as he acknowledges, the issue on appeal has been resolved, since the trial court subsequently struck the disputed probation condition. Further, because defendant entered a guilty plea and did not obtain a certificate of probable cause, we may only entertain an appeal based on (1) "'[g]rounds that arose after entry of the plea and do not affect the plea's validity,'" or (2) "'[t]he denial of a motion to suppress evidence under Penal Code section 1538.5.'" (*People v. Maultsby* (2012) 53 Cal.4th 296, 299, fn. 2.) The additional issues identified by defendant fall outside the permissible scope of appeal.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
     Acting P. J.

MILLER
     J.

5