Filed 3/3/16  P. v. Saucedo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063590 |
| v. | (Super.Ct.No. SWF1102417) |
| ALONZO ARMANDO SAUCEDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed.

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and
Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, and Kristen
Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Defendant and appellant Alonzo Armando Saucedo appeals after the trial court denied his petition for resentencing under Proposition 47 (Pen. Code, § 1170.18).[1] Defendant contends the trial court erred in denying his petition based on a gang enhancement attaching to his felony theft conviction (§ 487, subd. (c); count 5). We conclude the gang enhancement did not disqualify defendant's felony theft conviction for resentencing. Nevertheless, denial of defendant's resentencing petition was proper because defendant did not meet his burden of proving the value of the stolen property was $950 or less. The judgment is therefore affirmed without prejudice to subsequent consideration of a properly filed resentencing petition which includes evidence of the value of the stolen property.

II

FACTS AND PROCEDURAL BACKGROUND

The Riverside County District Attorney charged defendant with robbery,[2] street terrorism,[3] unlawfully driving a stolen vehicle,[4] receiving a stolen vehicle,[5] and felony

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] Count 1; section 211.

[3] Count 2; section 186.22, subdivision (a).

2

theft of a person.[6]  It was further alleged counts 1 and 5 were committed in furtherance of a criminal street gang (§ 186.22, subd. (b)(1)(a)).  Count 5, which is the subject of defendant's resentencing petition and this appeal, alleges that defendant violated section 487, subdivision (c), by willfully and unlawfully taking property from the victim.  It is further alleged in count 5 that defendant "committed the offense . . . for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in any criminal conduct by gang members," within the meaning of section 186.22, subdivision (b)(1)(A).

On May 23, 2012, defendant pled guilty to unlawfully driving a stolen vehicle (count 3) and felony theft of a person (count 5).  Defendant also admitted the gang enhancement attached to count 5.  During the plea hearing, defendant admitted he "did willfully and unlawfully take property from" the named victim.  Defendant further executed a felony plea form, in which he pled guilty to counts 3 and 5, and admitted the section 186.22, subdivision (b) gang enhancement.  It was further agreed his sentence would be seven years eight months.

---

*[footnote continued from previous page]*

[4]  Count 3; Vehicle Code section 10851, subdivision (a).

[5]  Count 4; section 496d, subdivision (a).

[6]  Count 5; section 487, subdivision (c).

The trial court sentenced defendant to a prison term of seven years eight months, consisting of the upper term of three years on count 5; the upper term of four years on the count 5 gang enhancement; and eight months, one-third the midterm on count 3. The court reserved jurisdiction over imposing restitution.

In December 2014, a month after California voters passed Proposition 47, defendant filed a form petition for resentencing, requesting count 3 and count 5 be reduced to misdemeanors and the trial court resentence him under section 1170.18. With regard to the felony theft conviction (count 5), defendant checked the petition box stating: "Defendant believes the value of the . . . property does not exceed $950." The People filed a response, opposing defendant's resentencing petition. The People's response asserted that count 3 was not a qualifying felony, and defendant was not entitled to the relief requested as to count 5 because defendant "would not have been 'guilty' of a misd per Prop 47 based upon gang enhancement."

The trial court entered an order denying defendant's resentencing petition. The order states that the petition was denied on the ground "10851, 487(c) with 186.22 (b) are not qualifying felonies."

III

STANDARD OF REVIEW

When interpreting a voter initiative, such as Proposition 47, we apply the same principles that govern statutory construction. (*People v. Rizo* (2000) 22 Cal.4th 681, 685-686.) We first look "'to the language of the statute, giving the words their ordinary

4

meaning.'" (*Id.* at p. 685.) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to the "'voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

IV

RESENTENCING UNDER PROPOSITION 47

Defendant contends the trial court erred in finding him ineligible for resentencing on count 5 under Proposition 47.

In November 2014, the voters approved Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. Section 1170.18 creates a process by which defendants previously convicted of certain specified felonies, which would be misdemeanors under Proposition 47, may petition for resentencing.

The initiative aimed to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from" the new act in elementary and high school programs, victims' services, and mental health and drug treatment. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) Proposition 47 targets these goals in four ways: (1) it amends the Penal Code and Health and Safety Code to reduce certain property crimes

5

and possessory drug offenses from felonies or wobblers to misdemeanors; (2) it allows people serving felony sentences for newly-reduced offenses to ask the court to resentence them as misdemeanants (§ 1170.18, subds.(a), (b)); (3) it allows people who have finished serving a qualified felony sentence to ask the court to reclassify the conviction as a misdemeanor (§ 1170.18, subds.(f)-(h)); and (4) it creates a Safe Neighborhoods and Schools Fund to be financed with savings generated by the changes to the sentencing laws (Gov. Code, § 7599 et seq.). (Ballot Pamp., *supra,* text of Prop. 47, § 3, p. 70.)

The resentencing statute, section 1170.18, provides that a "person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor" under Proposition 47, "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Other than under several inapplicable exceptions, if "the petitioner satisfies [those] criteria," the court must recall the defendant's felony sentence and resentence him to a misdemeanor. (§ 1170.18, subd. (b).) Under the plain language of the statute, section 1170.18, subdivisions (a) and (b) applies only to defendants who are (1) currently serving a sentence, (2) for a felony conviction, and (3) the conviction would have been a misdemeanor if the act had been in effect when they were sentenced.

6

Defendant's resentencing petition and appeal rely on section 490.2, which was added by Proposition 47. Section 490.2 provides in relevant part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, . . ." (§ 490.2, subd. (a).)

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the court observed that "Proposition 47 does not explicitly allocate a burden of proof." (*Id.* at p. 878.) The court stated that "applying established principles of statutory construction we believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing. In such cases, it is important to keep in mind a person . . . was validly convicted under the law applicable at the time of the trial of the felony offenses. It is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Id.* at p. 878.)

Here, defendant had the initial burden of proving in his resentencing petition that the property, which he was convicted of stealing in count 5, did not exceed $950. This is because, "[a]s an ordinary proposition: '"A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."' [Citations.]" (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Defendant as "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for

7

such resentencing." (*Id.* at p. 878.) He therefore has the "initial burden of proof" to "establish the facts upon which his or her eligibility is based." (*Id.* at p. 880.) Because the crime under consideration is a theft offense, "'the petitioner will have the additional burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.)

In *Sherow,* the court explained that it was entirely appropriate, fair, and reasonable to allocate the initial burden of proof to the petitioner to establish the facts upon which eligibility is based because the defendant knows what items he possessed. Thus, "[a] proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Sherow, supra,* 239 Cal.App.4th at p. 880.)

Defendant's resentencing petition as to count 5 was premised on the assumption that the property was valued at $950 or less. Yet defendant presented no facts or evidence in his resentencing petition establishing this. Nor does the record of defendant's conviction contain any evidence showing that the stolen property was valued at $950 or less. The sentencing order does not include a restitution order reflecting the value of the stolen items. Instead the trial court reserved jurisdiction to set victim restitution. There is not even any statement in the felony complaint or amended complaint stating the nature of the stolen property. The only facts regarding the stolen property are in the district attorney's motion for consolidation of the felony complaints alleging the five charged

8

crimes against defendant, which included the subject felony theft crime. The district attorney states in the motion that, when defendant stole a vehicle from the victim, defendant told the victim to give defendant the victim's MP3 player and necklace. As the victim handed defendant his MP3 player, defendant yanked the necklace off the victim's neck.

Given that the record is silent regarding the value of the MP3 player and necklace, which are the property at issue in count 5, we conclude defendant has failed to demonstrate the theft felony qualified for resentencing as a misdemeanor. As noted in *Sherow, supra,* 239 Cal.App.4th at page 880, a proper resentencing petition "could certainly contain at least" the petitioner's testimony or a declaration stating the value of the stolen items. The trial court could then, upon a sufficient showing of the property value, "take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*) Because there was no showing as to the value of the stolen property, defendant failed to establish his eligibility for resentencing.

Denial of defendant's resentencing petition was proper, even though the trial court may have denied the petition for the wrong reason. "[T]he law is clear that we may affirm a trial court judgment on any basis presented by the record whether or not relied upon by the trial court." (*Day v. Alta Bates Med. Center* (2002) 98 Cal.App.4th 243, 252, fn. 1.) We review the correctness of the trial court's ruling, not the reasons underlying it. (*People v. Koontz* (2002) 27 Cal.4th 1041, 1075, fn. 4.) "'"No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason

9

and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." [Citation.]'" (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

The People's opposition to defendant's resentencing petition asserted that defendant was not entitled to resentencing on count 5 because defendant "would not have been 'guilty' of a misd per Prop 47 based upon gang enhancement." The trial court's order denying defendant's petition states: "10851 [count 3], 487(c) with 186.22(b) are not qualifying felonies." This suggests the trial court denied defendant's petition because a gang enhancement attached to defendant's felony theft conviction, not because defendant failed to prove the stolen property was valued at $950 or less.

Proposition 47 does not provide a gang enhancement exception to resentencing on a qualifying felony. An enhancement is "'an additional term of imprisonment added to the base term' (Cal. Rules of Court, rule 4.405(3)), which cannot be imposed without a conviction for the substantive offense." (*People v. Maultsby* (2012) 53 Cal.4th 296, 299-300.) "For that reason alone, an enhancement cannot be equated with an offense." (*People v. Anderson* (2009) 47 Cal.4th 92, 118.) Because the gang enhancement, section 186.22, subd. (b)(1)(A), is a conduct enhancement, not a substantive offense, the enhancement does not constitute "a conviction . . . of a felony" under the plain language of section 1170.18. The gang enhancement attaching to a qualifying felony therefore

10

does not preclude the felony from qualifying for resentencing under Proposition 47. There is no language stating or suggesting that qualifying felonies with gang enhancements are excluded from resentencing under Proposition 47.

Not only is there no language in Proposition 47 generally excluding qualifying felonies because of attaching gang enhancements, there is clear language stating in section 1170.18, subdivision (k), that, "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm . . . ." (Italics added.) There are also exceptions and exclusions provided in section 1170.18, subdivisions (b) and (i), but no gang enhancement exception. Under the maxim *expressio unius est exclusio alterius*, we conclude a gang enhancement attaching to a qualifying felony is not an exception to resentencing for qualifying felonies under Proposition 47. This maxim means, "'the expression of certain things in a statute necessarily involves exclusion of other things not expressed.'" (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13; *In re Sabrina H.* (2007) 149 Cal.App.4th 1403, 1411.)

The gang enhancement attaching to defendant's theft felony does not disqualify defendant's theft felony from resentencing under Proposition 47, if the felony itself qualifies for resentencing. To conclude otherwise would be inconsistent with our Supreme Court's instruction that "we may not add to the statute or rewrite it to conform

to some assumed intent not apparent from that language." (*People v. Pearson* (2010) 48 Cal.4th 564, 571.) We reject the proposition that there impliedly is an exception to resentencing under Proposition 47 premised on the attachment of a gang enhancement to a qualifying felony. The People have not cited any persuasive authority to the contrary, nor do they argue on appeal that the gang enhancement disqualifies defendant's felony theft conviction from resentencing under Proposition 47. Instead, the People argue defendant did not meet his burden of proving the stolen property was $950 or less, and we agree.

The People acknowledge that treatment of the theft felony as a misdemeanor during resentencing may result in elimination of the section 186.22, subdivision (b)(1)(A) gang enhancement, because the enhancement must attach to a felony conviction. Section 186.22, subdivision (b)(1)(A), states in relevant part: "[A]ny person who is *convicted of a felony* committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the *felony or attempted felony* of which he or she has been convicted, be punished . . . ." (Italics added.) The People argue that, although the trial court will not during resentencing be able to impose the section 186.22, subdivision (b)(1)(A) gang enhancement, the trial court can impose an alternative gang enhancement under section 186.22, subdivision (d), which can be applied to

12

misdemeanors. Defendant concedes in his appellate reply brief that he does not dispute that upon resentencing he can be sentenced under section 186.22, subdivision (d).

This sentencing issue is premature because defendant's petition for resentencing was properly denied. We therefore need not decide whether the trial court may impose during resentencing the same or a different gang enhancement. The only issue here is whether the trial court erred in denying defendant's resentencing petition. We conclude there was no error. Denial of defendant's petition was proper because defendant did not establish as to count 5 that the stolen property value did not exceed $950.

V

DISPOSITION

The order denying defendant's petition for resentencing is affirmed without prejudice to subsequent consideration of a properly filed petition which includes evidence of the value of the stolen property.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

13