Filed 11/5/24  P. v. Escamilla CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL ANGEL ESCAMILLA,<br><br>    Defendant and Appellant. | F086103<br><br>(Super. Ct. No. F21901794)<br><br><br>**OPINION** |

THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Craig S. Meyers, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Miguel Angel Escamilla pled no contest, pursuant to a negotiated plea agreement, to gross vehicular manslaughter, felony driving under the influence of alcohol and drugs, and leaving the scene of an accident. He also admitted the truth of various enhancement allegations and four circumstances in aggravation. The trial court imposed the stipulated sentence of 12 years. On appeal, defendant contends the trial court abused its discretion by imposing a 12-year term of imprisonment and erred in imposing fines and fees without establishing defendant's ability to pay. The People disagree on both accounts. We affirm.

**PROCEDURAL SUMMARY**

On March 22, 2022, the Fresno County District Attorney filed an information charging defendant with vehicular manslaughter while intoxicated (Pen. Code, § 191.5, count 1),[1] driving under the influence of drugs and alcohol causing injury (Veh. Code, § 23153, subd. (g); count 2), driving with a blood-alcohol level of 0.08 percent or higher (Veh. Code, § 23153, subd. (b); count 3), driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a); count 4)), leaving the scene of an accident (Veh. Code, § 20001, subd. (b)(2); count 5), misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 6), traffic infractions for failure to stop at a stop sign (Veh. Code, § 22450, subd. (a); count 7), and driving at an unsafe speed (Veh. Code, § 22350; count 8).

As to count 1, the information further alleged that defendant personally used a deadly weapon (a vehicle) (§§ 1192.7, subd. (c)(23), 1192.8), fled the scene of the crime (Veh. Code, § 20001, subd. (c)), caused bodily injury or death to more than one victim (Veh. Code, § 23558), refused a chemical test (Veh. Code, § 23577), and caused great bodily injury (§ 969f). As to count 2, the information further alleged defendant inflicted great bodily injury (§ 12022.7, subd. (a)), caused bodily injury or death to more than

---

1 All further statutory references are to the Penal Code except as otherwise noted.

one victim (Veh. Code, § 23558), and refused a chemical test (Veh. Code, § 23577). As to counts 1 and 2, the information alleged four circumstances in aggravation: the crime involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1));[2] defendant used a weapon in commission of the offense (rule 4.421(a)(2)); the victim was particularly vulnerable (rule 4.421(a)(3)); and the crime involved damage of great monetary value (rule 4.421 (a)(9)). As to count 5, the information alleged the crime involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (rule 4.421(a)(1)).[3]

On January 19, 2023, defendant pled no contest, pursuant to a negotiated plea agreement, to counts 1, 2, and 5. He further admitted the following: as to count 1, he inflicted great bodily injury on a nonaccomplice (§ 969f), he personally used a deadly or dangerous weapon (§§ 1192.7, subd. (c)(23), 1192.8), he refused a chemical test (Veh. Code, § 23577), and the truth of the four alleged circumstances in aggravation; as to count 2, he personally inflicted great bodily injury (§ 12022.7, subd. (a)), he refused a chemical test (Veh. Code, § 23577), and the truth of the four alleged circumstances in aggravation; and as to count 5, the truth of the one alleged circumstance in aggravation. The plea agreement provided for a stipulated term of 12 years and dismissal of the other counts alleged in the information. During the change of plea colloquy, the trial court reiterated that the plea agreement stipulated a 12-year term and that was "the sentence [it] intend[ed] to impose …."[4] The trial court also advised defendant that, absent a plea

---

[2]     All further rules references are to the California Rules of Court.

[3]     Additional enhancement and circumstance in aggravation allegations were made as to counts 3 and 4, however, we omit mention of them because they were dismissed pursuant to the plea agreement.

[4]     Defendant contends that the plea agreement did not provide a stipulated term of imprisonment, but a 12-year lid. That contention is not well taken. It is inconsistent with the plain language of the plea agreement—indicating "a 12[-]year stipulated term"—

3.

agreement, his maximum exposure on the charges to which he pled no contest was 16 years.

On April 7, 2023, the trial court indicated it intended to sentence defendant to the stipulated 12-year term. It asked defense counsel if it was "defendant's request … that the 12-year term be imposed?" Defense counsel responded, "Yes." The trial court then imposed the 12-year stipulated term as follows: on count 1, six years (the middle term), plus a five-year enhancement pursuant to Vehicle Code section 20001, subdivision (c), plus a one-year enhancement pursuant to Vehicle Code section 23558; on count 2, two years (the middle term), plus a three-year great bodily injury enhancement (§ 12022.7), plus a one-year enhancement pursuant to Vehicle Code section 23558, stayed pursuant to section 654; and on count 5, three years (the middle term), stayed pursuant to section 654. The court then imposed a restitution fine in the amount of $3,600 (§ 1202.4), a stayed parole revocation restitution fine in the same amount (§ 1202.45), "a separate agreed-upon restitution" amount of $14,326.28 for headstone and funeral expenses (§ 1202.4, subd. (f)), a courtroom security fee of $120 (§ 1465.8, subd. (a)(1)), and a criminal conviction fee of $90 (Gov. Code, § 70373).

On the same date, after the trial court imposed the direct victim restitution, fees, and fines, defendant's counsel requested in light of the large direct victim restitution, that the court suspend the fines imposed. He clarified that he did not mean the restitution fines because "those cannot be suspended, but the other fines imposed in this case." The

defense counsel's statement at the change of plea hearing—"this is a stipulated plea … 12 is the stipulation" —the prosecutor's statement at the change of plea hearing—the plea agreement provides for a "stipulated term of 12 years"—and the trial court's statement at the change of plea hearing—it understood the plea agreement to provide a 12-year stipulated term and "that is the sentence [it] intend[ed] to impose …"—the trial court's statement at sentencing—"[t]he district attorney's offer was a 12-year term …"—and defense counsel's statement at sentencing—"it's a negotiated term." Without any doubt, the plea agreement provided for a 12-year stipulated term. Appellate counsel's representation to the contrary is misleading, at best.

court declined the request, noting that the only fines at issue were the restitution fine under section 1202.4 and parole revocation restitution fine under section 1202.45, both of which were "appropriate fine[s]." As to the courtroom security fee and criminal conviction fee, the court noted that those fees were small relative to restitution, and it would not waive or suspend those fees.

On June 23, 2023, the trial court held a restitution hearing on the amounts not stipulated by the parties. The court awarded $3,486.56 for the burial plot and $1,029.40 for the victim's ambulance service. In total, the restitution award was $18,842.24.

On April 10, 2023, defendant filed a notice of appeal. He checked none of the boxes. For example, he did not check the box reflecting that the "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea" or the box reflecting that the "appeal challenges the validity of the plea or admission." Nor did he request or obtain a certificate of probable cause.

## DISCUSSION[5]

### I. The Trial Court Did Not Abuse Its Discretion in Imposing the Stipulated Term of Imprisonment

Defendant contends that the trial court abused its discretion in sentencing defendant to the stipulated middle-term sentence. We disagree.

#### A. Defendant Failed to Obtain a Certificate of Probable Cause

As a threshold matter, on defendant's notice of appeal he did not check any of the available boxes. Significantly, he did not check the box indicating "[t]his appeal challenges the validity of the plea or admission. (You must complete the Request for Certificate of Probable Cause … and submit it to the court for its signature.)" And defendant did not seek or obtain a certificate of probable cause.

---

[5]    Because defendant's claims on appeal are purely legal issues, we provide no factual summary.

5.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) "In general, [however,] a defendant may appeal from a final judgment of conviction, unless otherwise limited by sections 1237.1 and 1237.5." (*People v. Maultsby* (2012) 53 Cal.4th 296, 298–299, citing § 1237 & rule 8.304(b).)

"Section 1237.5 provides that an appeal may not be taken after a plea of guilty or no contest unless the defendant has filed a statement showing reasonable grounds for appeal and the trial court has executed and filed a certificate of probable cause. This requirement does not apply, however, if the appeal is based upon grounds that arose after entry of the plea and that do not affect the validity of the plea." (*People v. French* (2008) 43 Cal.4th 36, 43 (*French*).)

" 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' " (*French*, *supra*, 43 Cal.4th at p. 44.)

Here, despite defendant's arguments to the contrary, as noted above, he entered a negotiated plea agreement with a stipulated sentence. By challenging "the very sentence he negotiated as part of the plea bargain, [the] defendant is, in substance, attacking the validity of the plea." (*People v. Panizzon* (1996) 13 Cal.4th 68, 78.) The portion of defendant's appeal that challenges his sentencing therefore fails for lack of a certificate of probable cause.

Even if defendant was correct that the plea agreement only negotiated a lid—he is not—an appeal challenging such a plea agreement where the sentence is within the

agreed range of the plea agreement also requires a certificate of probable cause. (*People v. Shelton* (2006) 37 Cal.4th 759, 763.) In *French* our Supreme Court described its prior holding in *Shelton*:

> "[A] defendant's claim—that the sentence imposed by the trial court, which was within the agreed-upon maximum term, violated the multiple punishment prohibition of section 654—constituted an attack upon the validity of the plea and required a certificate of probable cause. The defendant in *Shelton* had pleaded guilty to two of the charged counts and agreed to a maximum sentence of three years eight months in exchange for dismissal of three other counts, reserving the right to argue for a sentence lower than the maximum but not reserving the right to argue that the agreed-upon maximum was an unauthorized sentence. The trial court sentenced the defendant to the maximum term of three years eight months, imposing the upper term on one count and a consecutive term on the other count. In challenging his sentence pursuant to section 654, the defendant argued that the trial court lacked authority to impose the agreed-upon maximum term. We explained that 'inclusion of a sentence lid [in a plea agreement] implies a mutual understanding and agreement that the trial court has authority to impose the specified maximum sentence and preserves only the defendant's right to urge that the trial court should or must exercise its discretion in favor of a shorter term. Accordingly, a challenge to the trial court's authority to impose the lid sentence is a challenge to the validity of the plea requiring a certificate of probable cause.' " (*French*, *supra*, 43 Cal.4th at p. 44.)

## B. Defendant's Claim Fails on Its Merits

Despite defendant's failure to obtain a certificate of probable cause, we address the merits of his claim to forestall any future claim of ineffective assistance of counsel based on that failure.

On the merits, defendant argues that *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1064 (*De La Rosa Burgara*), requires a trial court to determine whether the plea agreement was consistent with the lower term presumption due to defendant's youth—he was 24 years old at the time of the offense—as required by rule 4.420(e)(2) and by section 1170, subdivision (b)(6)(B).

We disagree that *De La Rosa Burgara* is applicable in this situation. In that case, after the defendant was sentenced pursuant to a plea agreement with a stipulated term of imprisonment, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) was enacted, and defendant sought its retroactive application. (*De La Rosa Burgara*, *supra*, 97 Cal.App.5th at p. 1060.) The appellate court explained "that [a] defendant, who had entered a plea agreement with a stipulated sentence that included an upper term *before* Senate Bill 567, should be permitted the opportunity to seek resentencing in compliance with amended section 1170[, subdivision] (b)." (*De La Rosa Burgara*, at p. 1062, italics added.) It vacated the sentence and remanded with the notation that the defendant could " ' "waive or invoke the requirements of section 1170[, subdivision] (b)" ' " upon remand. (*De La Rosa Burgara*, at p. 1063.)

In contrast, in this case, defendant's negotiated plea was entered more than a year after the effective date of Senate Bill 567. This is not a situation in which we must consider whether defendant is entitled to the ameliorative benefit of a change in law. Defendant entered his no contest plea, admitting circumstances in aggravation and stipulating to the middle term. The stipulated sentence did not run afoul of section 1170, subdivision (b)(6)(B)[6] as modified by Senate Bill 567.

Even assuming *De La Rosa Burgara* applied outside of the context of retroactive application of Senate Bill 567, this court has reached the opposite conclusion regarding whether a defendant who enters a negotiated plea agreement with a stipulated term of imprisonment is entitled to the retroactive benefit of Senate Bill 567. In *People v. Sallee* (2023) 88 Cal.App.5th 330, review granted April 26, 2023, S278690, this court explained that when a trial court "impose[s] a stipulated sentence pursuant to a negotiated plea agreement," the court's discretion is "limited to approving or rejecting the bargain. The

---

**6**     We do not reach the issue of whether defendant's youth "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6)(B).)

8.

court [does] not exercise discretion to select between the lower, middle, or upper term based on any aggravating or mitigating circumstances." (*Sallee*, at p. 338.) "Thus, section 1170, subdivision (b), which governs the court's exercise of discretion with regard to a sentencing triad, does not apply." (*Ibid*.) Here, even assuming *De La Rosa Burgara* applied outside of the context of the retroactive application of Senate Bill 567— and we conclude that it does not—we would disagree with its analysis. We would instead reach the same conclusion as *Sallee* for the same reasons stated in *Sallee*. Defendant's claim would fail for that independent reason.

## II.  The Trial Court Did Not Err in Declining to Reduce Defendant's Fines and Fees

Defendant contends that the trial court was required to determine defendant's ability to pay before imposing fines and fees in reliance on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) and *People v. Son* (2020) 49 Cal.App.5th 565 (*Son*). Defendant does not challenge the restitution award. The People argue that defendant failed to request an ability to pay hearing or show his inability to pay. We conclude defendant forfeited any challenge to the restitution fines and that the court did not err in declining to impose the courtroom security and criminal conviction fees.

### A.  Additional Background

At the April 7, 2023 sentencing hearing, after the trial court imposed the $14,326.28 restitution award, $3,600 restitution fine, $3,600 stayed parole revocation fine, $120 courtroom security fee, and $90 criminal conviction fee, defendant's counsel made the following argument:

> "There is another issue that I wanted to ask the Court before we conclude. [¶] … [¶]  It's the issue of fines imposed to [defendant]'s case. Being the fact that he has a significant restitution order and the very low likelihood that he's going to be employed at the prison, when he comes out, he's going to have a civil judgment against him for over $14,000.  I would like to ask that his fines be—fines in this case be suspended in light of the weightiness and his progeny at this point.  [¶]  Not the restitution fines, those cannot be suspended, but other fines that the Court has imposed on

9.

this case.  The Court has jurisdiction and authority to not—not impose those fines.  I'd like—I would like the Court to use its discretion to do that."

The trial court responded:

> "The only additional fines we're talking about is the restitution—in addition to the $14,000—is the restitution fine under [section] 1202.4.  It's not appropriate for the Court to waive that fine.  And the restitution—if a period of parole is ordered, that fine is suspended unless parole is revoked.  That's another appropriate fine to encourage [defendant] to abide by the terms of his parole.  [¶]  And the courtrooms, we're talking about $120 and $90 for a courtroom security fee and the criminal conviction fee.  I'm not going to suspended those fines.  The bulk of the fines are restitution, and it's restitution that is appropriate in this case.  So the request to waive or suspend the fines is denied."

## B.  Forfeiture

 "In general, a defendant who fails to object to the imposition of fines and fees at sentencing forfeits the right to challenge those fines and fees on appeal."  (*People v. Ramirez* (2023) 98 Cal.App.5th 175, 224.)  Here, defendant's trial counsel explicitly asked the court to suspend the fines in this case, but "[n]ot the restitution fines."

Defendant's sentencing hearing was held on April 7, 2023, more than four years after the Second District, Division 7 Court of Appeal filed their opinion in *Dueñas*, *supra*, 30 Cal.App.5th 1157 on January 8, 2019.  Moreover, because the restitution fine exceeded the minimum restitution fine, subdivision (c) of section 1202.4 permitted the trial court to consider "[i]nability to pay … in increasing the amount of the restitution fine in excess of the minimum fine …."  Nevertheless, defendant's trial counsel explicitly excluded restitution fines from his request for suspension of fines.  For that reason, defendant forfeited his claim that the trial court erred in imposing a $3,600 restitution fine.  (*People v. Ramirez*, *supra*, 98 Cal.App.5th at p. 225.)

## C.  Merits

As an initial matter, in this case, the trial court imposed a restitution fine of $3,600—above the minimum amount of $300.  (§ 1202.4, subd. (b)(1).)  In doing so, the

court was *required* to "consider … the defendant's ability to pay." (§ 1202.4, subd. (d).) The court stated that it found the amount of the restitution fine to be appropriate and we presume the court followed and applied the applicable law. (*People v. Martinez* (2000) 22 Cal.4th 106, 125; Evid. Code, § 664.) Nothing in the record before us suggests anything to the contrary.[7] Therefore, because we must presume that the trial court followed the law in determining that defendant had the ability to pay in imposing the $3,600 restitution fine, there is no reason to believe that the court erred in concluding that defendant had the ability to pay the far lesser $120 courtroom security fee and $90 criminal conviction fee.

Moreover, the same court that decided *Dueñas*[8] explained that it is the defendant's obligation to contest and prove his or her inability to pay and "*Dueñas* does not support th[e] conclusion [that the defendant is unable to pay] in the absence of evidence in the record of a defendant's inability to pay." (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490; accord, *People v. Greeley* (2021) 70 Cal.App.5th 609, 624.) Defendant did not request an ability to pay hearing or present any evidence of his inability to pay; that is not the fault of the trial court. In so doing, defendant failed to demonstrate that he had an inability to pay. Defendant's trial counsel's bare statement that there was a "very low

---

[7]   Indeed, the probation report indicates that defendant was employed full time in a sanitation role at a restaurant at the time of the offense in this case, was in " 'good' " physical health, and owned the vehicle involved in the offenses at issue. In assessing ability to pay, a trial court may appropriately consider future income. (*People v. Cowan* (2020) 47 Cal.App.5th 32, 48, review granted June 17, 2020, S261952.) The trial court could reasonably have found that defendant could find a similar job when no longer incarcerated or in prison. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted Nov. 13, 2019, S257844.) Despite defense counsel's comment about defendant's "progeny" as a reason to stay imposition of the fines, defendant told the probation officer at the interview on March 13, 2023—less than a month prior to sentencing—that he was single, had no children, had custody of no children, and paid no child support.

[8]   Our decision does not turn on whether *Dueñas* was correctly decided. The issue decided in *Dueñas* is now before our Supreme Court. (*People v. Kopp*, *supra*, 38 Cal.App.5th 47, review granted.)

likelihood that [defendant]'s going to be employed [in] prison [or] when he comes out" was not proof of inability to pay. In short, we find no error in the court's conclusion.

Finally, even if we were to consider the restitution fine, courtroom security fee, and criminal conviction fee through the lens of the Eighth Amendment to the United States Constitution, the fines are not excessive. An aggregate of $3,810 in restitution fines and administrative fees is not disproportionate to the criminality in this case—driving under the influence of alcohol and drugs, resulting in the death of one person and serious injury to another. (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 [proportionality is the touchstone of Eighth Amendment analysis]; see *People v. Potts* (2019) 6 Cal.5th 1012, 1056 [$10,000 restitution fine not invalid due to inability to pay].)

## DISPOSITION

The judgment is affirmed.