Filed 2/25/25  P. v. Thompson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JASON DUPREE THOMPSON,<br><br>　　Defendant and Appellant. | F088118<br><br>(Super. Ct. No. F24901455)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gabriel L. Brickey, Judge.

Aurora E. Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Hill, P. J., Detjen, J. and Franson, J.

Defendant Jason Dupree Thompson pled no contest, pursuant to a negotiated plea agreement, to one count of human trafficking in exchange for a stipulated term and dismissal of other counts. The written plea agreement indicates a stipulated 14-year term (the middle term) and at the change of plea hearing the trial court repeatedly indicated the term would be 14 years. However, the transcript of the change of plea colloquy also reflects the court one time said, "in this plea, [defendant], you are agreeing to *four* years." (Italics added.) The court imposed a 14-year term. On appeal, defendant contends the court violated defendant's due process right by imposing a sentence in excess of the four-year term it promised. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On February 27, 2024, the Fresno County District Attorney filed a complaint charging defendant with aggravated human trafficking of a minor for a sex act (Pen. Code, § 236.1, subd. (c)(2); count 1),[1] human trafficking of a minor for a sex act (§ 236.1, subd. (c)(1); count 2), pandering for prostitution a minor under age 16 (§ 266i, subd. (b)(2); count 3), pimping a minor (§ 266h, subd. (b)(2); count 4), unlawful sexual intercourse with a minor (§ 261.5, subd. (d); count 5), corporal injury to a spouse or cohabitant (§ 273.5, subd. (a); count 6), and child abuse (§ 273a, subd. (a); count 7).

On April 29, 2024, defendant pled no contest to the lesser offense of human trafficking to commit a sex act (§ 236.1, subd. (b)) on count 2. In exchange for his plea, counts 1 and 3 through 7 were dismissed. The written plea agreement reflects that the plea agreement included a "stipulated 14y [*sic*] term (middle term) …." During the plea colloquy, the prosecutor stated that she "extended a 14-year stipulated offer"; the trial court confirmed that defendant signed and initialed the change of plea form and had enough time to speak with his counsel; and the court explained that defendant would be "agreeing or stipulating to a 14-year term, which is the middle term …." Then, the court

---

[1] All further statutory references are to the Penal Code.

2.

advised defendant as follows: "And in this plea, [defendant], you are agreeing to four years. That means you cannot argue for less, and the [prosecution] cannot argue for more. [¶] Do you understand that?"

At the May 28, 2024 sentencing hearing, the trial court reiterated that "defendant pled no contest to [c]ount 2 … for a stipulated term of 14 years. The [c]ourt … read and considered the [probation] report"—which reflected a 14-year stipulated term—and was prepared to impose the stipulated term. The court asked for any comments by the parties and neither party indicated that the stipulated term was incorrect. The court then imposed the stipulated 14-year middle term on count 2 and asked counsel if they had anything further to address with the court. Both responded, no.

On May 30, 2024, defendant filed a notice of appeal. The basis for the appeal was identified as "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

## FACTUAL SUMMARY[2]

No later than mid-December 2023, defendant met 15-year-old Jane Doe while she and a friend were walking on Blackstone Avenue in Fresno. Defendant asked the two girls to " 'hang out' " and they agreed. Both girls told defendant they were over the age of 18. Defendant provided them with alcohol and had intercourse with Doe.

Two days later, Doe told defendant she was only 15 years old. They continued to have intercourse approximately twice per week. Defendant also told Doe that he was her pimp, she was part of the commercial sex trade, and she was not permitted to leave. Doe described defendant as a physically violent and controlling pimp; he often slapped her,

---

**2** Defendant pled no contest and entered a stipulation pursuant to *People v. West* (1970) 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.) Our summary is based on the probation report.

3.

threw her, and pushed her when she "broke his rules." Doe performed sex acts approximately seven to eight times per day. After each encounter, Doe gave all of her earnings to defendant, who watched her location using the GPS on Doe's phone. When Doe failed to check in with defendant after an encounter, he would punish her with physical violence.

On January 27, 2024, Doe packed her things while defendant was not around and fled.

A detective with the gang and vice unit found online social media postings of defendant and Doe. In some of the photos, Doe was wearing provocative clothing. In a video, defendant was heard shouting about " 'pimpin[g]' " while Doe fought with another female. Additionally, the detective found a post on the same account referencing the cost of " 'dates' " with Doe. Commercial sex trade "advertisements" were also discovered on a different website that listed defendant's phone number and displayed photographs of Doe in provocative clothing.

When officers interviewed defendant, he denied any wrongdoing.

## DISCUSSION

### I.  The Trial Court Did Not Err in Imposing the Stipulated 14-Year Sentence

Defendant contends that the trial court erred in sentencing him to a 14-year middle-term sentence when he pled no contest in exchange for a four-year term. The People disagree with defendant's factual assertion that the plea agreement provided for a four-year term. Instead, the People contend, the parties intended a 14-year term and the court either misspoke or its statement was incorrectly transcribed when it said defendant would serve a four-year term. We agree with the People.

#### A.  Defendant Failed to Obtain a Certificate of Probable Cause

The parties disagree regarding whether defendant's failure to seek a certificate of probable cause is fatal to this appeal. Defendant did not check the box stating "[t]his appeal challenges the validity of the plea or admission. (*You must complete the Request*

4.

*for Certificate of Probable Cause … and submit it to the court for its signature.*)" And defendant did not seek or obtain a certificate of probable cause.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) "In general, [however,] a defendant may appeal from a final judgment of conviction, unless otherwise limited by sections 1237.1 and 1237.5." (*People v. Maultsby* (2012) 53 Cal.4th 296, 298–299, citing § 1237 & Cal. Rules of Court, rule 8.304(b).)

"Section 1237.5 provides that an appeal may not be taken after a plea of guilty or no contest unless the defendant has filed a statement showing reasonable grounds for appeal and the trial court has executed and filed a certificate of probable cause. This requirement does not apply, however, if the appeal is based upon grounds that arose after entry of the plea and that do not affect the validity of the plea." (*People v. French* (2008) 43 Cal.4th 36, 43.)

" 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' " (*People v. French*, *supra*, 43 Cal.4th at p. 44.)

Here, defendant brings a *factual* challenge regarding the terms of the plea agreement. If he was correct that the plea agreement provided for a four-year sentence, his claim would not require a certificate of probable cause as he would be seeking to enforce the plea agreement. However, as we explain below, because we conclude that the plea agreement required a 14-year term, as the parties and trial court all clearly intended, defendant's appeal fails for the same reason it requires a certificate of probable

5.

cause.  By challenging "the very sentence he negotiated as part of the plea bargain, [the] defendant is, in substance, attacking the validity of the plea."  (*People v. Panizzon* (1996) 13 Cal.4th 68, 78.)  Defendant's appeal therefore fails for lack of a certificate of probable cause.

### B.  Defendant's Claim Fails on Its Merits

The crux of defendant's argument is that the trial court said, "[defendant], you are agreeing to four years," and defendant could reasonably have misunderstood the written plea agreement reflecting a 14-year term as well as the trial court and prosecutor's repeated statements reflecting a 14-year term such that his plea was not knowing, intelligent, and voluntary.  We disagree.

Defendant's argument requires us to consider "two related but distinct legal principles."  (*People v. Walker* (1991) 54 Cal.3d 1013, 1020, overruled on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)  First, a defendant must be advised of the direct consequences of a plea in order for the plea to be knowingly and voluntarily entered.  (*People v. Barella* (1999) 20 Cal.4th 261, 266; *Walker*, at p. 1020.)  There can be no question that the duration of a term of imprisonment is a direct consequence of a plea. (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605.)  Second, the parties must adhere to the terms of a plea bargain.  (*Walker*, at p. 1020; § 1192.5 [the trial court may not sentence a defendant "to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea"].)  " ' "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." ' "  (*Walker*, at p. 1024.)

First, a complete review of the record convinces us that defendant understood that the plea agreement provided for a 14-year term.  Defendant signed and initialed a change

6.

of plea form that explained the plea included a "14y [*sic*] term (middle term)";[3] the prosecutor stated that they "extended a 14-year stipulated offer," the trial court originally repeated that defendant was "agreeing or stipulating to a 14-year term, which is the middle term," and defendant acknowledged that he had sufficient time to speak with his counsel prior to entering the plea. The middle term for a violation of section 236.1, subdivision (b) is 14 years. The lowest possible term for *any* violation of section 236.1 is five years.

Further, when defendant was sentenced, the trial court explained, "[i]n this matter … defendant pled no contest to [c]ount 2 … for a stipulated term of 14 years." After the court invited comment, none of those present—defendant, his counsel, the prosecutor, and the probation officer—suggested the court was incorrect regarding the stipulated term. Indeed, the probation officer's report reflected defendant stipulated to a 14-year term and, when asked if the defense had any "corrections or additions to the [probation] report," defense counsel commented on the plea agreement requiring the prosecution not to file any additional charges against defendant within a specific date range. Moreover, defendant did not move to withdraw his plea when the 14-year term was announced. It is implausible that defendant believed he was being sentenced to more than three times the sentence he agreed to, yet decided to remain silent. For those reasons, we conclude defendant knowingly and voluntarily entered a no-contest plea on count 2 in exchange for a 14-year term; he could not reasonably have understood his plea agreement to have included a four-year stipulated term. The court's single misstatement (or mistranscription of its statement) that the plea agreement involved a four-year term does not convince us to the contrary. For the same reasons, imposition of a 14-year term did not violate the plea agreement.

---

[3] Defendant contends that the handwritten portion of the form was difficult to read. Again, we disagree; the term duration cannot reasonably be read to be anything other than a 14-year term which was the middle term.

Even assuming defendant believed that he would receive a four-year term based on the trial court's single misstatement, a criminal "defendant (even on direct appeal) is entitled to relief based upon a trial court's misadvisement only if the defendant establishes that he or she was prejudiced by the misadvisement, i.e., that the defendant would not have entered the plea of guilty had the trial court given a proper advisement." (*In re Moser* (1993) 6 Cal.4th 342, 352; accord *People v. Miralrio* (2008) 167 Cal.App.4th 448, 462–463; *People v. Goodwillie* (2007) 147 Cal.App.4th 695, 734.) Relevant to that inquiry here is (1) defendant's response when he was sentenced to a 14-year term (see *People v. McClellan* (1993) 6 Cal.4th 367, 377), and (2) the likely outcome if defendant had gone to trial (see *Hill v. Lockhart* (1985) 474 U.S. 52, 59–60). "[P]redictions of the outcome at a possible trial [and whether a defendant would have gone to trial] … should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.' " (*Ibid*., citing *Evans v. Meyer* (1984) 742 F.2d 371, 375 ["It is inconceivable to us … that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received."]; *Strickland v. Washington* (1984) 466 U.S. 668, 695.)

A 14-year term is more than three times longer than a four-year term. So, if defendant believed he would be sentenced to a four-year term, and if the imposition of a 14-year term " ' "c[a]me as a genuine surprise, it would have been a simple matter to bring the issue to the attention of the trial court." ' " (*People v. McClellan*, *supra*, 6 Cal.4th at p. 377.) Defendant's counsel had access to the probation report prior to sentencing and suggested unrelated changes to the report. Likewise, neither defendant nor his counsel objected to the sentence or moved to vacate defendant's plea when the trial court sentenced him to a 14-year term. That response weighs strongly in favor of

finding that, even if misadvised, defendant would nevertheless have entered the same no contest plea if correctly advised.[4] (*In re Moser*, *supra*, 6 Cal.4th at p. 352.)

Next, defendant's total exposure on all counts charged in the complaint with the three alleged circumstances in aggravation was a maximum of 15 years to life plus 20 years—count 1, 15 years to life; count 2, 12 years; count 3, two years (one-third the midterm); count 4, two years (one-third the midterm); count 5, 16 months (one-third the midterm); count 6, 16 months (one-third the midterm); and count 7, 16 months (one-third the midterm).[5] Based on defendant's maximum exposure, the probation report's description of Doe's statement, and the evidence gathered by law enforcement, it appears incredibly unlikely that defendant would have gone to trial and, even if he had, very unlikely that he would have obtained a better result.

In short, even assuming defendant did not understand the plea agreement included a stipulated 14-year term, the record before us demonstrates that he suffered no prejudice.

## **DISPOSITION**

The judgment is affirmed.

---

[4] We note that, even now, defendant does not seek to withdraw his plea. He specifically asks this court to vacate his sentence and remand so he can determine whether "the parties will agree to a lesser related charge, in consideration of the trial court's guarantee … that the 'People cannot argue for more' than 'four years.' " If not, "[i]t may … be that [defendant] will seek to withdraw his plea."

[5] Based on the allegations in the complaint and the facts as set out in the probation report, we do not account for any counts stayed pursuant to section 654. The complaint alleged that all but one of the offenses took place over the course of three months. Similarly, the probation report states that acts giving rise to counts 1 through 4 and 7 occurred multiple times each day for months and the acts giving rise to count 5 occurred approximately twice per week for months. The offenses appear to have occurred on separate occasions.